Piccari *v.* Vardaro et al., Appellants.

Argued March 25, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

reargument refused June 27, 1961.

*Benjamin A. Katz,* for appellants.

*Marvin I. Lessin,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

These two appeals by Lina G. and Eugene Vardaro, two of the defendants, are from the order of the lower court refusing them a new trial or judgment n.o.v. and entering judgment on the verdict in favor of plaintiffs. The verdict was in favor of the third defendant, Bruno Vardaro, presumedly because he was not an owner.

The action is based on a mechanic's lien filed against property in the City of Philadelphia owned by the two appellants. The lien was filed for a 10% commission claimed by plaintiffs for preparing plans etc., and supervising the construction of a home on appellants' land under an oral contract, allegedly entered into between plaintiffs and all the defendants on or about July 26, 1956. Defendants denied such contract, but admitted that they had discussed the construction of the home with Leonard Piccari, one of the plaintiffs, but only as a long time friend, and not for the purpose of hiring him or his partnership as a general contractor or superintendent. However, at that time the plaintiffs were engaged in the general contracting business, and this was known to the defendants. It is defendants' contention that whatever plaintiff did by way of preparing plans and specifications, staking out the house, advising the defendants on the making of contracts and purchases etc., was done solely for the privilege of getting the contract to supply the lumber and carpentry labor necessary in the completion of that house, but without bidding against other suppliers of

those items. In August 1956, such contracts for carpentry labor and lumber, in written form, were entered into by plaintiffs and defendants; and the lumber and labor were supplied thereunder for the consideration of $5,015.00 mentioned therein, which sum has been paid to plaintiffs by defendants. Those contracts make no mention of the other services performed or to be performed by the plaintiffs.

The lower court permitted oral testimony to be offered into the record over the objection of the defendants as to the existence of the oral contract of July 26, 1956, and the jury found that such contract had been made. The correctness of that ruling is the major issue in these appeals. It is appellants' contention that the lower court violated the parol evidence rule in admitting such oral testimony and that it thereby permitted the written contracts of August 1956 to be varied without proof of fraud, accident or mistake; citing *Gianni v. R. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791. The important consideration in the present case is not the rule, but its application. When it is to be applied and followed is stated in the *Gianni* case as follows (p. 323) : "The writing must be the entire contract between the parties if parol evidence is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself 'couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing': Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510, 517.

"When does the oral agreement come within the field embraced by the written one? This can be answered by comparing the two, and determining whether parties, situated as were the ones to the contract,

560

would naturally and normally include the one in the other if it were made. If they relate to the same subject-matter and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. This question must be determined by the Court."

The lower court resolved the matter in the following language: "It is true, as argued by the defendants, that both contracts deal with the construction of the building for the defendants. However, such unity of object is a bar to the introduction of oral evidence only where the later written agreement purports to be a completely integrated contract covering the entire subject matter. Here it is manifest that the parties in contracting for lumber and carpentry work on the house had no intention of fully setting forth a comprehensive agreement covering the construction of the entire house. . . . Obviously, the contracts cover entirely different matters."

We are not prepared to say that the trial judge erred in his conclusion. Although the contracts, both oral and written, related to the same house, under the evidence in this case it clearly appears that there were many contracts relating to that house made by the defendants which all had to do with the construction of same. Apparently the defendants acted as their own general contractors and let separate contracts for the various services and the materials needed in the construction of their new home. Even in the case of plaintiffs, separate written contracts were let for the carpentry work and the lumber, aside from the oral contract let originally for plans, advice and supervision. This is not an unusual situation. The services of one experienced in general contracting of this nature may be procured for preliminary plans, coordinating and supervising the actual work without that person as-

suming or becoming involved in the financial responsibility attached to the acceptance of a general contract at an established price, and it is not unusual for a person in such position to subsequently agree to accept a contract for part of the work. Generally, the carpenters' work, more than any other, is interrelated more closely to the work of the other mechanics and he, for that reason is in a better position to coordinate and supervise the activities of all of the other mechanics on the job. This appears to have been the situation in this case. It is only when it appears that the subject dealt with in the oral understanding was intended to be covered by the writing that the parol evidence rule applies. Such is not this case.

The appellants contend also that the lower court erred in stating that there was no presumption of a contract or agreement between the parties. Since the lower court refused to charge as to this presumption, the plaintiffs had the burden of proving to the jury that such a contract existed and that the terms of said contract were as alleged. This statement clearly refers only to the oral contract and not to the written contracts which the court properly charged had been admitted by both parties. Hence the defendants have no basis for complaint. Their cause was helped and not prejudiced by the statement of the court. The issue of whether there was or was not an oral contract made by the parties on or about July 26, 1956 for preliminary plans, supervision etc., was clearly and properly submitted to the jury under proper instructions imposing upon the plaintiffs the burden of proving such contract.

The judgment of the lower court is affirmed.